**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEFANIE HUTCHENS and MATTHEW RAGSDELL, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>NORTHERN VAN LINES, INC., an Oregon )<br>corporation; BLEUS PARADISE, LLC *doing* )<br>*business as* EXPRESS VAN LINE, a Nevada )<br>limited liability company; DOES I through X and )<br>ROE CORPORATIONS I through X, inclusive, )<br>)<br>Defendants. )<br>) | Case No.: 2:13-cv-00700-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Motion for Reconsideration (ECF No. 10) filed by Plaintiffs Stefanie Hutchens and Matthew Ragsdell (collectively, "Plaintiffs).

**I.   BACKGROUND**

Plaintiffs initiated this action on April 24, 2013 alleging one cause of action for violations of 49 U.S.C. § 14706. Subsequently, on August 20, 2013, Plaintiffs filed an Affidavit of Service indicating that Defendant Bleus Paradise, LLC was served with the Summons and Complaint. (ECF No. 6.) Thereafter, on August 30, 2013, Plaintiffs filed an Affidavit of Non-Service as to Defendant Northern Van Lines, Inc. (ECF No. 8.) In the Affidavit, it states that the process server was unable to serve Defendant Northern Van Lines because the "[a]ddress provided . . . is no[w] Crossfit workout center. No listing for Registered agent Lynn Theisman. Per Oregon Secretary of State Northern Van Lines Administrative Disolution [sic] on 11/16/12." (*Id.*)

On October 1, 2013, the Court entered an Order dismissing this action without prejudice as to all Defendants and closing the case. (ECF No. 9.) In response, Plaintiffs filed the instant

Motion for Reconsideration asserting that neither Defendant should be dismissed for failure to serve.

## II.    DISCUSSION

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah Cnty v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

As to Defendant Bleus Paradise, LLC, the Court agrees with Plaintiffs that clear error was committed. Specifically, it appears that Defendant Bleus Paradise, LLC was served with the Summons and Complaint on May 24, 2013. (*See* ECF No. 6.) Accordingly, the Court's Order dismissing Defendant Bleus Paradise, LLC was in error and should be stricken.

In their Motion for Reconsideration, Plaintiffs also assert that the Court also erred in dismissing Defendant Northern Van Lines, Inc. (Mot. to Reconsider 4:13-17, ECF No. 10.) Specifically, Plaintiffs assert that "Plaintiff attempted to serve Defendant Northern Van Lines, LLC on August 21, 2013, learning that the business has since dissolved however [this date is] within the 120 days allotted to serve pursuant to FRCP 4(m)." (*Id.* at 4:10-12.) However, Rule 4(m) requires that Plaintiffs serve each Defendant within 120 days after the filing of the complaint or face dismissal of the action. Fed. R. Civ. P. 4(m). In addition, Rule 4(m) permits the Court to extend time for service, but only after Plaintiffs show good cause for the failure to serve. Fed. R. Civ. P. 4(m). Here, Plaintiffs have neither requested an extension nor shown good cause. Furthermore, Plaintiffs have failed to provide any legal authority to support the proposition that their failed attempt to serve the dissolved Defendant Northern Van Lines, Inc. is sufficient to avoid a 4(m) dismissal of this action against Defendant Northern Van Lines, Inc.

Therefore, the Court's Order dismissing this action as to Defendant Northern Van Lines, Inc. was not in error.

### III.     CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration (ECF No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's Order of Dismissal (ECF No. 9) is **STRICKEN**.

**IT IS FURTHER ORDERED** that, having failed to show good cause why this action should not be dismissed without prejudice for failure to effect timely service pursuant to Fed. R. Civ. P. 4(m), the action is hereby **DISMISSED without prejudice as to Defendant Northern Van Lines, Inc.**

**DATED** this 8th day of October, 2013.

_____
Gloria M. Navarro
United States District Judge